JAMES K. FAGAN

v.

MARGARET FAGAN.

*Master and Servant—Action for Services—By Woman against Divorced Husband—Evidence.*

In an action for services, brought by a woman against her divorced husband, where the defense was that the services were rendered without request from the defendant and gratuitously, this court holds that the evidence warranted a finding by the jury against such defense.

[Opinion filed April 11, 1892.]

APPEAL from the Circuit Court of Sangamon County; the Hon. JACOB FOUKE, Judge, presiding.

Messrs. SCHOLES & GRAHAM, for appellant.

Mr. STEPHENS H. CUMMINS, for appellee.

MR. JUSTICE BOGGS. The appellant and appellee, formerly husband and wife, were divorced in October, 1889. Prior thereto appellant had been living away from their home, but soon after it was arranged between them that he, with three of their children, should occupy the old home, while appellee and two other of their children should live in another house upon the same premises. In February, 1890, appellee went to appellant's house, and remained there, doing cooking, washing, ironing, etc., until the following September. He also used at times a team of horses belonging to her. She instituted this action before a justice of the peace to recover for her services and use of her team. She obtained a judgment before the justice, and also in the Circuit Court of Sangamon County, to which he removed the case by appeal. He now brings the case to this court to reverse the judgment of the Circuit Court, which was ren-

Fagan v. Fagan.

dered upon a verdict of the jury. No complaint is made of the instructions given to the jury, or otherwise as to the ruling of the court, except in one particular, which is considered and disposed of in the opinion.

The position of the appellant, it is said in the brief of his counsel, is that he did not desire the labor or service of the appellee, but that it was forced upon him and rendered gratuitously, and therefore she has no right of recovery. Whether the services were offered and accepted as a gratuity, and therefore not convertible into a debt, or whether the circumstances of the case were sufficient to warrant the inference of an implied promise to receive and pay for the service, was a question to be determined by the jury under proper instructions. The instructions were properly given, and the evidence, in our judgment, was sufficient to justify the conclusion to which the jury arrived.

The appellee was allowed to testify that one of the sons of the parties told her his father had sent him to ask her to come and cook supper for him on one occasion. This is complained of as an error. It occurred some time after the appellee had been doing work for the appellant, and he detailed when testifying a conversation with the boy about the supper, in which he inquired where the mother was, and from which the boy might have fairly inferred that appellant wished the appellee to prepare supper for the family. She testified that she did go and cook supper, and that appellant was present and urged her to stay and do work about the house. Upon the whole evidence we think it was sufficiently shown that the son was acting with the father's knowledge and consent, and that the appellant was not prejudiced by the objectionable statement, which was objectionable only because heard in advance of other proof which would have made it admissible.

The merits are with the appellee, and the judgment must be affirmed.

*Judgment affirmed.*